**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1125**

CARL J. DIXON,

             Plaintiff – Appellant,

       v.

FOOT LOCKER INC.; NIKE USA, INC.,

             Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:13-cv-01926-JFM; 1:13-cv-01944-JFM)

Submitted:  July 31, 2015          Decided:  September 3, 2015

Before KEENAN and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carl J. Dixon, Appellant Pro Se. Brian S. Goodman, Justin Akihiko Redd, KRAMON & GRAHAM, PA, Baltimore, Maryland; Paul McDermott Finamore, NILES, BARTON & WILMER, LLP, Baltimore, Maryland; Michael A. Joseph, Howard F. Strongin, STRONGIN ROTHMAN & ABRAMS LLP, New York, New York, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl J. Dixon appeals the district court's orders denying his motions to compel and granting summary judgment in favor of Foot Locker, Inc. (Foot Locker), and Nike USA, Inc. (Nike) (collectively, "Defendants"), in Dixon's diversity civil action.[1] Finding no reversible error, we affirm.

We review discovery rulings for abuse of discretion, according the district court "substantial discretion." United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). Dixon sought to compel the deposition testimony of the CEOs of both Nike and Foot Locker. However, Dixon had no authority to designate the corporate witnesses of either Defendant, see Fed. R. Civ. P. 30(b)(6), and he failed to establish that the CEOs had any direct or specialized knowledge relevant to the elements of his claims. Cf. Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 125-26 (D. Md. 2009) (collecting cases). Additionally, Dixon's second

---

[1] Dixon's informal brief also challenges the court's orders consolidating his actions and denying Fed. R. Civ. P. 59(e) relief. Because Dixon did not object to consolidation in the district court, we decline to consider this argument. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998). Additionally, because Dixon did not file a separate notice of appeal from the denial of his Rule 59(e) motion, the order denying that motion is not properly before us. See Fed. R. App. P. 4(a)(4)(A), (B)(ii); see generally Smith v. Barry, 502 U.S. 244, 248-49 (1992).

2

motion to compel sought deposition testimony outside the discovery period, without providing any justification for the delay. Under the circumstances presented, we find no abuse of the district court's broad discretion in declining to compel these witnesses' testimony.

We review de novo a district court's grant of summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party. Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive a motion to dismiss, the nonmoving party must provide evidence "sufficient to establish the existence of [all] element[s] essential to that party's case, and on which that party will bear the burden of proof at trial." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence" are insufficient to meet this burden. Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013), cert. denied, 134 S. Ct. 1761 (2014).

Each of Dixon's claims relied on the underlying premise that the athletic shoes he purchased were unsafe or

inappropriate for use in playing basketball on a wooden surface, despite being marketed as basketball shoes, and that his use of these unsafe shoes while playing basketball caused his injury. See Lloyd v. Gen. Motors Corp., 916 A.2d 257, 276-77 (Md. 2007) (stating that private claim for violation of Maryland Consumer Protection Act requires proof that defendant materially misrepresented consumer product, resulting in actual injury); Ford Motor Co. v. Gen. Accident Ins. Co., 779 A.2d 362, 369-70 (Md. 2001) (recognizing that products liability claim relying on negligence, breach of warranty, or strict liability requires proof of product defect and causal relationship between defect and plaintiff's injury); Mazda Motor of Am., Inc. v. Rogowski, 659 A.2d 391, 395-96 (Md. Ct. App. 1995) (observing that failure to warn claim requires proof of defective condition or hidden risk in product that caused injury). Dixon failed to provide evidence, beyond his own unsupported inferences and speculative assertions, that would permit a factfinder to reach such a conclusion. While he claims that expert testimony was not required to establish his premise, the district court properly determined that the circumstances of his injury (as well as the shoe's appearance) were insufficient to give rise to an inference that a defect or deficiency in the shoe was responsible for causing his injury. See Mohammad v. Toyota Motor Sales, U.S.A., Inc., 947 A.2d 598, 607 (Md. Ct. App. 2008)

4

(addressing expert testimony in products liability cases). Thus, the district court properly granted summary judgment as to each of Dixon's claims based on his failure to provide expert testimony.

Finally, while Dixon claims that he did not receive Foot Locker's summary judgment motion,[2] Nike's summary judgment motion placed Dixon on notice of his obligation to produce expert testimony to establish his claims. Dixon did not do so, and his discovery responses conceded that he had no intention of obtaining such evidence. We therefore conclude any deficiency in providing notice of Foot Locker's summary judgment motion did not produce reversible error. We have reviewed Dixon's remaining challenges to the district court's grant of summary judgment and find them unpersuasive.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] The motion was mailed to Dixon's address. In addition, Dixon received the required notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), so he was alerted to the existence of the motion and his obligation to respond.